## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

**vs.**

**WILLIE STRONG Jr.,**

                   **Defendant.**

**MEMORANDUM IN AID
OF SENTENCING**

**IND. NO: 5:14-CR00273-007**

The following Memorandum in Aid of Sentencing is submitted to aid the Court in arriving at a sentence for Defendant Willie Strong that would be sufficient, but not greater than necessary to achieve the purposes of sentencing goals and would be consistent with the sentencing factors contained in 18 U.S.C. 3553(a).

On March 25, 2015, defendant Willie Strong entered a plea of guilty to a single-count Indictment charging him with conspiring to possess with intent to distribute and to distribute one or more controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).  Mr. Strong is scheduled for sentencing on September 18, 21015.

On September 2, 2013, Mr. Strong was charged in Onondaga County Court with Assault With Intent to Cause Physical Injury to an Officer and Criminal Possession of a Weapon, 2nd degree.  Strong was convicted after trial and on January16, 2015, was sentenced to two 7-year terms of imprisonment to be served consecutively.

It is urged that any term of imprisonment imposed in connection with the instant offense should be served concurrently to his state prison sentence.

The United States Sentencing Guideline and the Statute that govern this issue are U.S.S.G. §

1

5G1.3(c) and 18 U.S.C. §3584(c). Both the Guideline and the Statute reveal that a consecutive sentence is not mandatory in this case.

18 U.S.C. § 3584 provides in pertinent part: "If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a)(emphasis added).

The corresponding Guideline, Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment, is set forth in U.S.S.G. § 5G1.3, which provides:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense. U.S.S.G. §5G1.3(c)(emphasis added).

U.S.S.G. § 5G1.3(a) is not applicable to this case because Mr. Strong was not serving a term of imprisonment at the time he was charged with the instant offense. U.S.S.G. §5G1.3(b) is also not

applicable.  In circumstances not covered under subsection (a) or (b), subsection (c) applies. See, U.S.S.G. § 5G1.3, comment.(n.3).

18 U.S.C. § 3584(a) states that terms of imprisonment imposed at the same time are to run concurrently <u>unless the court orders</u> or the statute mandates that the terms are to run consecutively. §5G1.3(c), like 18 U.S.C. § 3584(a), similarly contains permissive language and allows the court to impose a concurrent, partially concurrent, or consecutive sentence.

This Circuit has specifically held that §5G1.3(c) "clearly vests broad discretionary authority in the sentencing court." <u>United States v. Maria</u>, 186 F.3d 65 (2d Cir. 1999).

The Supreme Court recently ruled on this issue in <u>Setser v. U.S</u>., 132 S. Ct. 1463 (2012). While <u>Setser </u>dealt specifically with whether a district court had the discretion to order that a federal sentence run consecutively to an <u>anticipated</u> state sentence that has not yet been imposed, the ruling re-emphasized that, while the default is to compute the federal sentence as consecutive to the state sentence, under 18 U.S.C. § 3584, "[j]udges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." <u>Id</u>.

In applying U.S.S.G. § 5G1.3(c), the Guidelines commentary directs the sentencing court to consider the factors set forth in 18 U.S.C. §3584 (referencing 18 U.S.C. § 3553(a)). See, U.S.S.G. § 5G1.3(c), comment.(n. 3).

The overriding principle and basic mandate of Section 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation and (d)

rehabilitation.

In determining the sentence minimally sufficient to comply with the Section 3553(a)(2) purposes of sentencing, the court must consider several factors listed in Section 3553(a). These are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the kinds of sentence available;" (3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable. 18 U.S.C. § 3553(a)(l), (a)(3), (a)(5)-(7).

None of these factors is to be given greater weight than any other factor. However, it is important to remember that all factors are subservient to Section 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

In addition, § 5G1.3(c) directs the sentencing court to be cognizant of:

(a) the type (e.g. determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(b) the time served on the undischarged sentence and the time likely to be served before release;

(c) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.
U.S.S.G. § 5G1.3, comment.(n.3).

After considering the above cited factors, the district court should impose concurrent terms of imprisonment.

Concurrent sentences would not frustrate the goal of providing "adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  The sentence of  14 years and five years supervised

release that Mr. Strong is already serving in connection with his state conviction is more than adequate to account for Mr. Strong's criminal conduct. United States v. Bakhtiari, 729 F.Supp.11 (SDNY 1989) (ordering sentence for defendant's two escape convictions to run concurrent to term of imprisonment previously imposed for weapons and false statement convictions because the escapes constituted criminal conduct entirely distinct from that underlying defendant's weapons and false statement convictions).

Under the circumstances of this case, the district court should impose concurrent terms of imprisonment.

In United States v. Nottingham, 898 F.2d 390 (3rd Cir. 1989) it was held that "[w]here the defendant is serving an unexpired term of imprisonment, but did not commit the instant offense while serving that term of imprisonment, the sentence for the instant offense may be imposed to run consecutively or concurrently with the unexpired term of imprisonment. The court should impose a sentence for the instant offense that results in a combined sentence that approximates the total punishment that would have been imposed under Sec. 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time."

As noted, Mr. Strong's state convictions were for Assault With Intent to Cause Physical Injury to an Officer and Criminal Possession of a Weapon, 2nd degree. The nearest Federal analogous offenses would appear to be, respectively, §2A2.4, obstructing or impeding officers, which carries a base offense level of 10 plus a 2-point adjustment for bodily injury, and §2K2.1(a)(2), Unlawful Possession of Firearms in which "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence

or a controlled substance offense," which carries a base offense level of 24, or precisely the base offense level of the crime for which Strong is being sentenced.

U.S.S.G. Chapter 3, Part D provides rules for determining a single offense level which encompasses all counts of conviction. Pursuant to §3D1.2., Procedure for Determining Offense Level on Multiple Counts states, "[a]ll counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule… (a)When counts involve the same victim…" U.S.S.G. §3D1.2.

The commentary goes on to state:  "for offenses in which there are no identifiable victims (e.g., drug or immigration offenses, where society at large is the victim), the 'victim' for purposes of subsections (a) and (b) is the societal interest that is harmed. In such cases, the counts are grouped together when the societal interests that are harmed are closely related."

Under the Guidelines grouping rule, if the sentences for the state convictions were being imposed at the same time as the sentence for the instant offense he would only be sentenced on the single offense.  Under these circumstances there is no purpose to be served by having his federal sentence run consecutively to the state sentence, and to impose a sentence that, as a practical matter, is twice what he would receive if sentences for the state and federal offenses were imposed at the same time, is patently unreasonable.

This is particularly true in a case like this, where the mandatory minimum of 10 years goes beyond the guideline score which would be applicable for the amount of drugs involved.

While the Setser court passed on the question of whether a court's decision that a federal sentence should run concurrently with or consecutively to another sentence should be judged by the standard of reasonableness, the Court did note that Courts of Appeals have generally held that such

review applies.  See, e.g, <u>United States v. Padilla</u>, 618 F. 3d 643, 647 (7th Cir. 2010) (per curiam); <u>United States v. Matera</u>, 489 F. 3d 115, 123-124 (2nd Cir., 2007).  It is urged that, given the circumstances, ordering Strong's Federal sentence to run concurrent with his state sentence fits the confines of reasonableness.

It is also urged that the two-point enhancement based on the government's claim that Strong's studio was maintained as "premises for the purpose of manufacturing or distributing a controlled substance" (PSR ¶42) should not apply.

Pursuant to 21 U.S. Code § 856, it shall be unlawful to "(1) knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, <u>for the purpose</u> of manufacturing, distributing, or using any controlled substance;

(2) manage or control any place, whether permanently or temporarily, either as an owner, lessee, agent, employee, occupant, or mortgagee, and knowingly and intentionally rent, lease, profit from, or make available for use, with or without compensation, the place <u>for the purpose</u> of unlawfully manufacturing, storing, distributing, or using a controlled substance."

In considering whether or not the premises in question was <u>for the purpose</u> of manufacturing, distributing, or using any controlled substance, it is necessary to look to the nature and character of the location in question to determine its primary purpose.

In order for Strong to be found guilty of such an offense, it would have had to have been found that the <u>main purpose</u> for the opening or maintaining of the location was for the use, manufacturing or distribution of a controlled substance.  <u>United States v. Roberts</u>, 913 F.2d 211 (5th Cir. 1990.)

U.S.S.G. § 2D1.1(b)(12), requires a two-level increase under specific offense characteristics

7

if the defendant is deemed to have maintained a premises for the purpose of drug distribution. U.S.S.G. § 2D1.1(b)(12) cmt. n.28 (2011) instructs that the purpose of controlled substance manufacture or distribution <u>must be</u> a primary purpose of the maintenance of a premises, rather than a collateral or incidental purpose of maintaining the premises. In making this determination courts "should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes."

As noted in the objections to the PSR, when a search warrant was executed at the studio authorities seized what is described as "gang-related evidence," citing "rap lyrics, videos, photographs and a documentary."  In short, they found exactly what would have been expected to be contained in a legitimate recording studio.  They found no drugs, weapons or other contraband or evidence of criminal activity.

As support for this enhancement, the government, in its response to Mr. Strong's objections to the PSR, noted that on two occasions cocaine transactions in the amount of $50 apiece took place on the studio premises, and a third transaction took place inside a vehicle parked in the vicinity of the studio.  Such scant evidence hardy satisfies the mandate of <u>Apprendi v. New Jersey</u>, 530 U. S. 466 (2000), that any fact that, by law, increases the penalty for a crime is an "element" that must be found beyond a reasonable doubt.

In <u>Roberts</u>, the Court noted that "[t]he quantity of cocaine and manufacturing equipment recovered from the condominium, together with… testimony, demonstrate that a primary purpose for renting the… location was to manufacture and distribute cocaine."

The same can hardly be said for a location that a produced a total of 1 gram in drug

transactions.

As noted in the PSR, Mr. Strong had an upbringing that can charitably be described as "difficult."  The son of a father who himself abused cocaine (he is currently in state custody at Livingston Correctional Facility, PSR ¶77) Willie Strong was raised on East Fayette Street in Syracuse, a neighborhood full of drugs and crime, and was exposed to drugs during his childhood years, and started associating with negative influences when his parents separated when he was 13 years old, first using drugs and then, within a few years, selling them. PSR ¶78.

Strong told the probation officer that over 30 of his friends passed away, many due to shootings and stabbings. PSR, ¶30. Strong himself was shot 11 times and was stabbed over 14 times, suffering his first shooting at the age of 17.  PSR ¶86.

As a result of this upbringing Mr. Strong began abusing marijuana and cocaine at an early age.  However, as noted in the PSR, he has taken affirmative action in dealing with his chemical dependency issues, completing a six-month substance abuse treatment program at Syracuse Behavioral Health (PSR ¶91).

Mr. Strong recognizes that his actions in connection with this offense were serious and appreciates the consequences of his conduct.

Mr. Strong has already been punished significantly for his actions.  His past problems have all been a result of a difficult childhood and its resultant chemical dependency problems, which he has taken steps to eradicate, this making recidivism unlikely.

Mr. Strong seeks a sentence which will be sufficient, but not greater than necessary, consonant with the purposes of sentencing as statutorily set forth in Title 18 United States Code §3553.  It is urged that a sentence of the mandatory minimum of ten years, to run concurrently with

his state sentence would be such a sentence.   This would be beneficial, advantageous and constructive given the nature and circumstances of Mr. Strong's participation in this criminal offense; but also viewed in the context of the history and characteristics of this defendant as set forth above. *18 United States Code §3553(a)(1).*

Such a sentence will reflect the seriousness of the offense. Incarceration will reflect, to all, that a deprivation of liberty, and continuing and ongoing supervision for a period of years, will result as a minimum for such conduct. *18 United States Code §3553(a)(2)(A).*

Such a sentence will promote respect for the law and provide just punishment for this offense and this offender. *18 United States Code §3553(a)(2)(A).*

Given the personal makeup and age of this defendant, such a sentence will afford adequate deterrence to future criminal conduct. *18 United States Code §3553(a)(2)(B).*

With ongoing supervision, and based upon all of the foregoing factors, the public will thereby be protected from further crimes of this defendant. *18 United States Code §3553(a)(2)(C).*

The defendant can therefore immediately focus on receiving, and participating in, the greatly needed correctional guidance and supervision, in the most effective manner. *18 United States Code §3553(a)(2)(D).*

This sentence would also demonstrate that sufficient consideration has been given to all of the kinds of sentence available. *18 United States Code §3553(a)(3).*

Such a sentence would take cognizance of the sentencing range established for this applicable category of offense and criminal offender. *18 United States Code §3553(a)(4)(A).*

## <u>CONCLUSION</u>

A look at the enumerated factors to be considered in arriving at an appropriate sentence

makes it clear that the imposition of a sentence that called for an term of incarceration to run concurrent to the term he is serving in state court would satisfy the mandate that a sentence be "sufficient, but not greater than necessary" to achieve the sentencing goals.

DATE: August 25, 2015                    _____s/ frank Policelli_____

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

**CERTIFICATE OF SERVICE**

**vs.**

**IND. NO: 5:14-CR00273-007**

**WILLIE STRONG Jr.,**

                                    **Defendant.**

## CERTIFICATE OF SERVICE

I, Frank Policelli, hereby certify that on August 25, 2015 I electronically filed the foregoing Sentencing Memorandum with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Carla Freedman                    Carla.Freedman@usdoj.gov,

s/ frank policelli